| PLOTKIN, J.
Kenaldo Morgan was charged by bill of information on January 19, 1999, with possession of cocaine with intent to distribute, a violation of La.R.S. 40:967(A), and with distribution of marijuana, a violation of La.R.S. 40:967(A).[1] At his arraignment on January 29, 1999, he pleaded not guilty. The trial court found probable cause and denied the motion to suppress the evidence on March 25, 1999. On May 17, 1999, Morgan withdrew his earlier plea and entered a plea of guilty as charged on both counts under State v. Crosby, 338 So.2d 584 (La.1976). He was sentenced that same day to serve ten years on each count; the sentences are to run concurrently. Morgan now appeals, requesting a review of the record for errors patent.
FACTS
The facts in the record are found in the transcript of the motion to suppress hearing containing the testimony of three police officers. Detective Wayne Jacque testified that police officers, through the use of a reliable confidential informant, |2conducted a controlled purchase at an apartment located at 3208 Clara Street, where defendant was later arrested. After conducting follow-up surveillance of the apartment, the police subsequently obtained a search warrant. Det. Jacque observed two additional transactions before police executed the search warrant. Each involved a person who would knock on Morgan’s door and speak briefly with Morgan. Morgan would then leave for a few seconds and return to hand the person a small item in return for currency.
Detectives Jacque, Adam Henry and Clarence Gillard participated in the execution of the search warrant and announced *141 their presence before entering the apartment. Once inside the apartment Det. Jacque observed several subjects, including Kenaldo Morgan who was running through the rooms. Det. -Henry testified that he chased Morgan through the living room and into a bedroom where he saw Morgan slide under a bunk bed. After removing Morgan, Det. Morgan found a piece of crack cocaine in a medicine bottle under the bunk bed. Detective Clarence Gillard testified that three hundred thirty five or six bags of marijuana and twenty bags of crack cocaine were found in a bedroom at the apartment.
DISCUSSION
Counsel filed a brief requesting a review for errors patent. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Counsel filed a brief complying with State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241. Counsel’s detailed summary of the procedural history and facts of the case indicate a thorough review of the record. Counsel moved to withdraw because he believes, after a conscientious review of |3the record, that there is no non-frivolous issue for appeal. Counsel reviewed available transcripts and found no trial court ruling that arguably supports the appeal. A copy of the brief was forwarded to defendant, and this Court informed him that he had the right to file a brief in his own behalf.
As per State v. Benjamin, this Court performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appeal record. Defendant was properly charged by bill of information with violations of La.R.S. 40:967(A) and La.R.S. 40:966(A), and the bill was signed by an assistant district attorney. Defendant was present and represented by counsel at arraignment, motion hearings, and sentencing.
Our review of the record indicates an error patent in each sentence. La.R.S. 40:966(A) requires that a fine of $50,000 be imposed, and La.R.S. 40:967(A) mandates that the first five years of the sentence be imposed without benefit of parole, probation, or suspension of sentence. However, errors favorable to the defendant will not be corrected on appeal where they were not raised by the State. State v. Fraser, 484 So.2d 122 (La.1986).
Additionally, the defendant complains that the trial court failed to advise him of the prescriptive period for filing any applications for post-conviction relief under La.C.Cr.P. art. 930.8. This article contains merely precatory language and does not bestow an enforceable right upon an individual defendant. State ex rel. Glover v. State, 93-2330, 94-2101, 94-2197, p. 21 (La.9/5/95), 660 So.2d 1189, 1201.
However, in the interest of judicial economy, we note for defendant that La. C.Cr.P. art. 930.8 generally requires that applications for post-conviction relief be filed within two years of the finality of a conviction.
[ CONCLUSION
Accordingly, the defendant’s conviction and sentence are affirmed. Appellate counsel’s motion to withdraw is granted.

AFFIRMED.

. Morgan was charged with Elaine Morgan and Joppa Jackson; Elaine Morgan pleaded guilty to possession of cocaine and distribution of marijuana charges and received a suspended sentence. The charges against Joppa Jackson were dropped.